IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LEON HAWKINS,

     Plaintiff,

v.                                                                                  No. 1:24-cv-01246-JDB-jay

EAGLE INN, *et al.,*

     Defendants.

_____

ORDER ADOPTING REPORT AND RECOMMENDATION
AND
DISMISSING CASE WITHOUT PREJUDICE

_____

On December 5, 2024, the Plaintiff, Leon Hawkins, filed a pro se complaint, as well as a motion to proceed herein in forma pauperis ("IFP"). (Docket Entry ("D.E.") 1, 2.) The same day, United States Magistrate Judge Jon A. York entered an order granting the motion to proceed IFP.[1] (D.E. 6.) On January 6, 2025, a courtesy copy of the docket sheet mailed to Hawkins on December 5, 2024, at the address he provided was returned to the Court as undeliverable. (D.E. 7.) On January 7, 2025, Judge York directed Hawkins to provide an updated mailing address by January 28, 2025, warning that failure to comply may result in dismissal of his case. (D.E. 8.) After the deadline passed with no filing by Plaintiff, the magistrate judge, in an order entered January 30, 2025, directed Hawkins to show cause by February 14, 2025, why the complaint should not be dismissed for failure to comply with an order of the Court. (D.E. 9.) Again, Plaintiff failed to respond. In a report and recommendation entered February 25, 2025, (the "R&R"), Judge York recommended that the complaint be dismissed without prejudice in accordance with Rule 41(b) of

_____

[1]Under Administrative Order No. 2013-05, the action was referred to Judge York for management of all pretrial matters.

1

the Federal Rules of Civil Procedure.  (D.E. 10.)  The R&R advised Plaintiff that any objections to the recommendation must be filed within fourteen days.  No objections have been filed and the time for doing so has expired.

Fed. R. Civ. P. 72 permits a party to "serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* LR 72.1(g)(2).  Upon the filing of timely and proper objections, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), LR 72.1(g)(2).  However, "[t]he district court is not required to review—under any standard—those aspects of the report and recommendation to which no objection is made." *Valentine v. Gay*, Case No. 3:23-cv-00204, 2023 WL 7930049, at *2 (M.D. Tenn. Nov. 16, 2023) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also Jenkins v. Plumbers & Pipefitters Union Local No. 614*, 971 F. Supp. 2d 737, 742-43 (W.D. Tenn. 2013) ("a district court should adopt the findings . . . of the magistrate judge to which no specific objection is filed," referencing *Arn*).

As Hawkins has failed to object, the R&R is hereby ADOPTED for the reasons set forth therein.  The case is DISMISSED without prejudice and the Clerk is DIRECTED to enter judgment accordingly.

IT IS SO ORDERED this 27th day of March 2025.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE